```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| LELLANY GONZALEZ CORDERO,      : | |
| :| |
|     Plaintiff,      : | |
| : | |
|     v.      : | CASE NO. 3:12CV1253(DFM) |
| : | |
| MICHAEL J. ASTRUE, COMMISSIONER : | |
| OF SOCIAL SECURITY,      : | |
| : | |
|     Defendant.      : | |

### RULING ON MOTION FOR RECONSIDERATION

    Plaintiff Lellany Gonzalez Cordero filed this action on August 27, 2012 seeking review of the final decision of the defendant Commissioner of Social Security denying her application for child's disability benefits and supplemental security income.  Pending before the court is defendant's Motion to Reconsider the Magistrate Judge's Recommended Ruling.  (Doc. #16.)  In that Recommended Ruling (doc. #13) denying defendant's motion to dismiss, the undersigned determined that venue is proper in the District of Connecticut.

    The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir.

1995) (citations omitted).  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

Here, defendant reiterates the arguments raised in his motion to dismiss (doc. #10) and reply brief (doc. #12), and the additional case law cited by defendant predates the motion to dismiss.  In short, he cites no new facts and no intervening change of law.  Because a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257, reconsideration is not warranted here.

Even if the court were to reconsider, it would reach the same conclusion.  On a Rule 12(b)(3) motion to dismiss for improper venue, plaintiff bears the burden of proving that venue is proper in the forum.  Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001).  The court assumes the truth of all allegations in the complaint unless contradicted by the defendant's affidavits, in which case "'[a]

court may examine facts outside the complaint to determine whether venue is proper." Id. (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352 (1990 & Supp. 1999)).  The court previously considered the evidence cited by defendant in the pending motion, and its analysis has not changed.  Drawing all reasonable inferences and resolving all factual conflicts in plaintiff's favor, as it is obliged to do, see id., the court concludes that plaintiff resided in Connecticut at the commencement of this action for purposes of jurisdiction under 42 U.S.C. § 405(g).

    For the foregoing reasons, the Motion to Reconsider (doc. #16) is DENIED.

    SO ORDERED at Hartford, Connecticut this 4th day of June, 2013.

                                               _____/s/_____
                                               Donna F. Martinez
                                               United States Magistrate Judge